

# OFFICE OF
# THE ATTORNEY GENERAL
### AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

January 14, 1947

Honorable S. M. Pliler
County Auditor
Taylor County
Abilene, Texas

Opinion No. V-02

Re: Under the given facts
can the Commissioners'
Court of Taylor County
grant an increase in
salary of the County
Treasurer, under the
provisions of Senate
Bill 123, Regular Sess-
ion, Forty-ninth Leg-
islature?

Dear Sir:

Your request for an opinion has been received
and carefully considered by this Department. We quote
from your letter as follows:

"The Treasurer of Taylor County, up to this
time, has received as compensation Two Thousand
Dollars annually. He has made application to the
Commissioners' Court for an increase of Five Hun-
dred Dollars annually and has requested that this
increase in salary be made retroactive to the date
when he was first entitled to make application for
increase in salary under recent legislation, par-
ticularly Senate Bill No. 123.

"Please advise me if the Commissioners' Court
may grant the increase in salary, and also advise
if the increase in salary may be made retroactive."

In 1940 the Federal Census showed the population
of Taylor County to be forty-four thousand one hundred
forty-seven (44,147). The tax valuation of Taylor Coun-
ty is Twenty-one Million One Hundred Ninety Thousand Dol-
lars ($21,190,000.00).

Section 13 of Article 3912e, V. A. C. S., is
in part as follows:

"The Commissioners' Court in counties having

a population of Twenty Thousand (20,000) inhabitants or more and less than one hundred and ninety thousand (190,000) inhabitants according to the last preceding Federal Census is hereby authorized, and it shall be its duty, to fix the salaries of all the following named officers, to-wit: Sheriff, Assessor and Collector of Taxes, County Judge, County Attorney, including Criminal District Attorneys and County Attorneys who perform the duties of District Attorneys, District Clerk, County Clerk, Treasurer, Hide and Animal Inspector. Each of said officers shall be paid in money an annual salary in twelve equal installments of not less than the total sum earned as compensation by him in his official capacity for the fiscal year of 1935, and not more than the maximum amount allowed such officer under laws existing on August 24, 1935; provided that in counties having a population of twenty thousand (20,000) and less than thirty-seven thousand five hundred according to the last preceding Federal Census, and having an assessed valuation in excess of Fifteen Million ($15,000,000.00) Dollars according to the last approved preceding tax rolls of such county, the maximum amount allowed such officers as salaries may be increased one (1%) percent for each One Million ($1,000,000) Dollars valuation or fractional part thereof in excess of said Fifteen Million ($15,000,000.00) Dollars valuation over and above the maximum amount allowed such officers under laws existing on August 24, 1935; and provided that in counties having a population of thirty-seven thousand five hundred (37,500) and less than sixty thousand (60,000) according to the last preceding Federal Census and having an assessed valuation in excess of Twenty Million ($20,000,000) Dollars according to the last preceding approved tax roll of such county, the maximum amount allowed such officers as salaries may be increased one (1%) percent for each One Million ($1,000,000) Dollars or fractional part thereof in excess of said Twenty Million ($20,000,000) Dollars valuation over and above the maximum amount allowed such officers under laws existing on August 24, 1935."

The above quoted Section of Art. 3912e became effective January 1, 1936, and is applicable to Taylor County. The maximum annual salary which could have been allowed to the County Treasurer of said county under the

Honorable S. M. Pliler, Page 3

law existing on August 24, 1935 (Art. 3943, V.A.C.S.)
was Two Thousand ($2000.00) Dollars.

In answer to your first question, that is,
whether or not the Commissioners' Court may allow a
Five Hundred Dollar ($500.00) annual increase in the
Treasurer's salary, we quote from Attorney General's
Opinion No. 0-6646 as follows:

"S. B. 123, Acts of the 49th Legislature,
Regular Session, 1945, is, in part, as follows:

"'Section 3. That Section 13 of Article
3912e, Revised Civil Statutes of Texas, 1925, as
amended, be and the same is hereby amended by
adding thereto the following:

"'(e) The Commissioners Court is hereby au-
thorized, when in their judgment the financial con-
dition of the county and the needs of the officers
justify the increase, to enter an order increasing
the compensation of the precinct, county and dis-
trict officers in the precinct, county and district
officers in an additional amount not to exceed
twenty-five (25%) per cent of the sum allowed un-
der the law for the fiscal year of 1944, provided
the total compensation authorized under the law
for the fiscal year of 1944 did not exceed the sum
of Thirty-six Hundred ($3600.00) Dollars.'

"The Compensation of the county treasurer of
Galveston County is controlled by Section 13 of
Article 3912e. Under Section 13 of Article 3912e
the county treasurer is allowed a compensation of
'not less than the total sum earned as compensation
by him in his official capacity for the fiscal year
1935, and not more than the maximum amount allowed
such officer under laws existing on August 24,1935.'
As Galveston County has a population of 64,401 in-
habitants according to the 1930 census the maximum
compensation the county treasurer could have retained
was the sum of Two Thousand Dollars ($2,000.00) per
annum (Article 3943)."

In view of the foregoing, it is the opinion of
this Department that the Commissioners' Court of Taylor
County has the authority to allow the twenty-five per
cent (25%) increase as provided in Section 3 of S.B.123,
Acts of the 49th Legislature, Regular Session, 1945.

As to your last question regarding the authority of the Commissioners' Court to grant increase in said salaries retroactive thereto, we point out certain provisions of Section 44 of Article 3 of the Constitution of Texas, which are as follows:

"The Legislature shall provide by law for the compensation of all officers, servants, agents and public contractors not provided for in this constitution, but shall not grant extra compensation to any officer, agent, servant or public contractor after such public service shall have been performed or contract entered into for the performance of the same."

Our Opinion No. 0-6576 holds in effect that the foregoing provision of the Constitution prohibits officers who are paid under the General Salary Law from receiving an increase in salary for any certain part of the year for which the work has already been performed. We believe the principal emphasis of this holding applies also to the instant case and the increase in salary may not be made retroactive.

SUMMARY: Where the County Treasurer of Taylor County is receiving an annual salary of $2,000 as provided under Article 3912E, Section 13, V. A. C. S., the Commissioners' Court may grant an increase of $500 annually under Article 3891, Section 3, R. C. S. (Senate Bill 123, Acts of the 49th Legislature, R. S., 1945). The said increase shall not be made retroactive as it is prohibited under Sec. 44 of Art. 3 of the Constitution of Texas.

Yours very truly

APPROVED JAN. 14, 1947

ATTORNEY GENERAL OF TEXAS

*Price Daniel*
ATTORNEY GENERAL

By *Bruce Allen*
Bruce Allen
Assistant

BA:jrb

Approved-Opinion Committee
By BWB, Chairman